UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN H. NANCE AND JDS DEVELOPMENT OF MYRTLE BEACH, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| AVX CORPORATION, | ) ) |
| Defendant. | ) ) ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant AVX Corporation ("AVX") hereby gives notice of removal of the above-captioned action, Case No. 2008-CP-26-0436, previously pending in the Horry County Court of Common Pleas in the Fifteenth Judicial Circuit, to the United States District Court for the District of South Carolina, Florence Division. Removal of this civil action is proper because:

1. The above-captioned action (the "Removed State Court Action") was filed on January 16, 2008. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

2. Two previously-filed actions, entitled *AVX Corporation v. Horry Land Company, Inc.*, C.A. No. 4:07-CV-03299-TLW (the "First Horry Land Action") (filed on October 2, 2007), and *Chestnut, et al. v. AVX Corporation*, C.A. No. 4:07-cv-04152-TLW-TER (the "Chestnut Action") (filed on November 27, 2007), are pending in the United States District Court for the District of South Carolina, Florence Division arising out of alleged related facts and circumstances as the Removed State Court Action. Subsequent to the filing of the First Horry Land Action, an action entitled *Horry Land Company, Inc. v. AVX Corporation*, C.A. No. 4:07-

CLT 1104120v1

cv-3635-TLW (the "Second Horry Land Action") was commenced in the Horry County Court of Common Pleas in the Fifteenth Judicial Circuit.  AVX removed the Second Horry Land Action to this Court but the Horry Land plaintiff dismissed that action and now is pursuing those same claims in the First Horry Land Action by way of counterclaim.  The First Horry Land Action, the now-dismissed Second Horry Land Action, the Chestnut Action, and the Removed State Court Action all arise out of alleged related environmental damage to properties in the area around property owned by AVX and the former Myrtle Beach Air Force Base.

3.  In the First Horry Land Action, AVX asserted claims against Horry Land under the Federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for which this Court has exclusive jurisdiction.  The First Horry Land Action must be resolved in this Court.

3.  The plaintiffs' complaint in the Removed State Court Action asserts claims against AVX based on alleged facts and circumstances allegedly related to those in the First Horry Land Action and the Chestnut Action.  Because the facts and circumstances of the parties' claims in the First Horry Land Action, the Chestnut Action and the Removed State Court action are all allegedly related, a full and fair adjudication of all the interests involved in this controversy requires that the Removed State Court Action, the First Horry Land Action and the Chestnut Action all be resolved in a single forum, the forum where the initial action was filed, this Court.

4.  Because AVX's claims in the First Horry Land Action can only be adjudicated in United States District Court, and because the plaintiffs' claims in the Chestnut Action and the Removed State Court Action arise out of alleged related facts and circumstances as those in the

CLT 1104120v1

First Horry Land Action, principles of judicial economy dictate that all claims in the First Horry Land Action, the Chestnut Action and the Removed State Court action should go forward as a single action in this Court. This Court's exercise of jurisdiction over this matter avoids the parties litigating two parallel proceedings arising out of alleged related environmental contamination in different judicial forums, wasting resources and inconveniencing the parties and witnesses. Furthermore, litigating these actions in a single forum avoids potentially inconsistent judgments.

      5. The plaintiffs' complaint in the Removed State Court Action alleges negligence *per se* on the part of the defendant. As the basis for its negligence *per se* claim, the plaintiffs reference federal environmental statutes, including CERCLA, the Federal Water Pollution Control Act, and the Federal Resource Conservation and Recovery Act. Because the plaintiffs' negligence *per se* claim is based on federal environmental statutes, removal is proper under 28 U.S.C. § 1331 in this case.

      6. In addition, the plaintiffs' claims in the Removed State Court action are preempted by CERCLA's federal statutory scheme because: (1) the plaintiffs' complaint constitutes a challenge to a CERCLA cleanup; and (2) CERCLA was enacted for the very purpose of regulating the types of environmental contamination incidents alleged by the plaintiffs in the Removed State Court Action.

      7. The plaintiffs are necessary parties in this Court to fully and fairly litigate the facts and circumstance alleged by these plaintiffs, by the defendants in the First Horry Land Action, and by the plaintiffs in the Chestnut action.

      8. By filing this Notice of Removal, defendant does not waive any available defenses.

9. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 83.IV.01 DSC, copies of all process and pleadings served upon the plaintiffs in this action are attached hereto as Exhibit A.

10. A copy of this notice of removal will be filed with the Clerk of the Court of Common Pleas, Fifteenth Judicial Circuit, Horry County as required by 28 U.S.C. § 1446(d) and Local Civil Rule 83.IV.01 DSC.

11. The plaintiffs will be given prompt notice of this notice of removal, as required by 28 U.S.C. § 1446(d) and Local Civil Rule 83.IV.01 DSC.

WHEREFORE, the defendant provides notice that it removes this action to the United States District Court for the District of South Carolina, Florence Division.

Respectfully submitted this 13th day of February, 2008.

                                        s/KEVIN A. DUNLAP
                                        Kevin A. Dunlap
                                        Federal Bar #5564

OF COUNSEL:

PARKER POE ADAMS & BERNSTEIN LLP
100 Dunbar Street, Ste. 206
Spartanburg, South Carolina  29306
(864) 591-2030
kevindunlap@parkerpoe.com

                                        Steven D. Weber
                                        Federal Bar #8042
                                        Attorneys for the Defendant
                                        AVX Corporation

OF COUNSEL:

PARKER POE ADAMS & BERNSTEIN LLP
Three Wachovia Center
401 South Tryon St., Ste. 3000
Charlotte, North Carolina
(704) 372-9000
steveweber@parkerpoe.com

CLT 1104120v1

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served on the attorneys of record by First Class United States mail as follows:

                J. Jackson Thomas
                Charles B. Jourdan, Jr.
                1314 Professional Drive
                P.O. Box 1290
                Myrtle Beach, South Carolina  29578


                Saunders M. Bridges, Jr.
                Aiken Bridges Nunn Elliott & Tyler, P.A.
                P.O. Drawer 1931
                Florence, South Carolina  29503


This 13th day of February, 2008.

                              S/KEVIN A. DUNLAP
                              Kevin A. Dunlap

CLT 1104120v1