UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN H. NANCE AND JDS DEVELOPMENT OF MYRTLE BEACH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AVX CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 4:08-cv-00515-TLW |

**MOTION TO DISMISS, CONSOLIDATE, AND ANSWER
AND COUNTERCLAIM**

The defendant AVX Corporation ("AVX") responds to the plaintiffs' complaint as follows:

**FIRST DEFENSE**

The plaintiffs' complaint fails to state a claim upon which relief can be granted, entitling AVX to dismissal of the complaint pursuant to Fed. R. Civ. P. 12.

**SECOND DEFENSE**

AVX moves to consolidate this case with the previously-filed cases styled as *AVX Corporation v. Horry Land Company, Inc.,* C.A. No. 4:07-CV-03299-TLW-TER and *Clint A. Chestnut, et al. v. AVX Corporation*, C.A. No. 4:07-CV-04152-TLW-TER.

**THIRD DEFENSE**

Each and every allegation of the plaintiffs' complaint that is not hereinafter expressly admitted, modified, qualified, or explained is denied.

## FOURTH DEFENSE
(Specifically responding to the allegations of the plaintiffs' complaint)

1.   It is admitted that the plaintiffs claim they are not members of the putative class in the action entitled *Clint A. Chestnut, et al. v. AVX Corporation*, C.A. No. 4:07-cv-04152-TLW-TER.  The remaining allegations of paragraph 1 of the plaintiffs' complaint are admitted on information and belief.

2.   The allegations of paragraph 2 of the plaintiffs' complaint are admitted.

3.   The allegations of paragraph 3 of the plaintiffs' complaint are denied.

4.   AVX does not have sufficient information to form a belief as to the allegations set forth in paragraph 4 of the plaintiffs' complaint, and therefore denies those allegations on information and belief at this time.

5.   AVX admits that it is a manufacturer of electronic components which include ceramic capacitors.  AVX further admits that it supplies the components in the United States and abroad,  AVX further admits that it has its principal executive offices and some operations on 17th Avenue South in Myrtle Beach, South Carolina (the "facility") across the road from the John Nance property.  AVX further admits that it has had operations at its facility since approximately 1953.  Except as expressly admitted, the allegations of paragraph 5 are denied.

6.   AVX admits that it used trichloroethylene ("TCE") in its manufacturing process at one time, but no longer uses TCE at its facility.  AVX further admits that TCE is a synthetic material that can be generally described as a "chlorinated solvent."  AVX further admits that one of the uses of TCE is for degreasing.  Except as expressly admitted, the allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 of the plaintiffs' complaint are conclusions of law to which no response is required. To the extent a response is required, those allegations are denied on information and belief at this time.

8. The allegations of paragraph 8 of the plaintiffs' complaint are denied.

9. AVX admits that TCE was used at AVX's facility in the past. AVX further admits that it stored TCE in storage tanks at the facility for a period of time but no longer stores TCE at the facility. Except as expressly admitted, the allegations of paragraph 9 are denied.

10. The allegations of paragraph 10 of the plaintiffs' complaint are denied.

11. AVX admits that it responded to alleged TCE releases at the facility and AVX has had success with those efforts. AVX further admits that it conducted soil excavation at the facility at one time. Except as expressly admitted, the allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 of the plaintiffs' complaint are denied on information and belief.

13. The allegations of paragraph 13 of the plaintiffs' complaint are denied on information and belief.

14. AVX does not have sufficient information to form a belief as to the allegations set forth in paragraph 14 of the plaintiffs' complaint, and therefore denies those allegations on information and belief at this time.

15. AVX does not have sufficient information to form a belief as to the allegations set forth in paragraph 15 of the plaintiffs' complaint, and therefore denies those allegations on information and belief at this time.

16. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 15 of the plaintiffs' complaint as through fully set forth herein.

17. The allegations of paragraph 17 of the plaintiffs' complaint are denied, including subparagraphs (a) through (f).

18. The allegations of paragraph 18 of the plaintiffs' complaint are denied, including subparagraphs (a) through (f).

19. The allegations of paragraph 19 of the plaintiffs' complaint are denied, including subparagraphs (a) through (e).

20. The allegations of paragraph 20 of the plaintiffs' complaint are denied.

21. The allegations of paragraph 21 of the plaintiffs' complaint are denied.

22. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 21 of the plaintiffs' complaint as through fully set forth herein.

23. The allegations of paragraph 23 of the plaintiffs' complaint are denied.

24. The allegations of paragraph 24 of the plaintiffs' complaint are denied.

25. The allegations of paragraph 25 of the plaintiffs' complaint are denied.

26. The allegations of paragraph 26 of the plaintiffs' complaint are denied.

27. The allegations of paragraph 27 of the plaintiffs' complaint are denied, including subparagraphs (a) through (e).

28. The allegations of paragraph 28 of the plaintiffs' complaint are denied.

29. The allegations of paragraph 29 of the plaintiffs' complaint are denied.

30. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 29 of the plaintiffs' complaint as if fully set forth herein.

31. The allegations of paragraph 31 of the plaintiffs' complaint are denied.

32. The allegations of paragraph 32 of the plaintiffs' complaint are denied.

33. The allegations of paragraph 33 of the plaintiffs' complaint are denied.

34. The allegations of paragraph 34 of the plaintiffs' complaint are denied.

35. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 34 of the plaintiffs' complaint as if fully set forth herein.

36. The allegations of paragraph 36 of the plaintiffs' complaint are denied.

37. The allegations of paragraph 37 of the plaintiffs' complaint are denied.

38. The allegations of paragraph 38 of the plaintiffs' complaint are denied.

39. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 38 of the plaintiffs' complaint as if fully set forth herein.

40. AVX does not have sufficient information to form a belief as to the allegations set forth in paragraph 40 of the plaintiffs' complaint, and therefore denies those allegations on information and belief at this time.

41. The allegations of paragraph 41 of the plaintiffs' complaint are denied.

42. The allegations of paragraph 42 of the plaintiffs' complaint are denied.

43. The allegations of paragraph 43 of the plaintiffs' complaint are denied.

44. The allegations of paragraph 44 of the plaintiffs' complaint are denied, including subparagraphs (a) through (e).

45. The allegations of paragraph 45 of the plaintiffs' complaint are denied.

46. AVX incorporates by reference its responses to the allegations of paragraphs 1 through 45 of the plaintiffs' complaint as if fully set forth herein.

47. The allegations of paragraph 47 of the plaintiffs' complaint are denied.

48. The allegations of paragraph 48 of the plaintiffs' complaint are denied.

49. The allegations of paragraph 49 of the plaintiffs' complaint are denied.

50. The allegations, if any, in the WHEREFORE clause and the PRAYER are denied.

### FIFTH DEFENSE

Upon information and belief, the plaintiffs' complaint is barred by the applicable statute of limitations.

### SIXTH DEFENSE

To the extent the plaintiffs assert claims seeking equitable relief, this relief is barred because there are adequate remedies available at law to address the plaintiffs' allegations, which are denied.

### SEVENTH DEFENSE

On information and belief, the plaintiffs' complaint is barred by the doctrines of unclean hands and laches.

### EIGHTH DEFENSE

On information and belief, the plaintiffs' complaint is barred by the doctrines of waiver and estoppel.

### NINTH DEFENSE

On information and belief, any injuries or damages sustained by the plaintiffs as set forth in the complaint, which are expressly denied, were directly and proximately caused by their own negligence if it is determined that the plaintiffs contributed in any way to the alleged contamination. The plaintiffs' own negligence, in such case, would be greater than fifty percent which bars any recovery. In the alternative, any recovery should be reduced in proportion to plaintiffs' negligence.

**TENTH DEFENSE**

On information and belief, the plaintiffs' complaint is barred by the doctrine of assumption of risk.

**ELEVENTH DEFENSE**

If AVX acted or failed to act in any respect as alleged in the plaintiffs' complaint, which is expressly denied, AVX alleges that such conduct, on its part, was not a proximate cause of, or a significant contributing factor to, any injuries or damages to the plaintiffs, and such injuries and damages, if any, were caused solely and proximately by the intervening, superseding or insulating negligent, reckless, willful, wanton or other acts or omissions of persons other than AVX, and even if the plaintiffs should be entitled to recover from any other persons, the plaintiffs are entitled to recover nothing from AVX.

**TWELFTH DEFENSE**

To the extent that any harm caused by AVX (which is denied) is divisible, AVX may not be held jointly and severally liable with the other person or entity.

**THIRTEENTH DEFENSE**

On information and belief, the plaintiffs have failed to mitigate damages, which are expressly denied, and that failure is pled as a bar of recovery against AVX.

**FOURTEENTH DEFENSE**

The plaintiffs' complaint is barred to the extent that it is preempted by existing statutes, regulations, permits and authorizations.

### FIFTEENTH DEFENSE

On information and belief, the plaintiffs' complaint is offset and barred by the doctrine of caveat emptor.

### SIXTEENTH DEFENSE

The plaintiffs' complaint that is premised upon an activity, relevant to the subject matter of the plaintiffs' complaint that is controlled by entities other than AVX must be barred as to AVX.

### SEVENTEENTH DEFENSE

AVX is not liable for any damages (which are denied) alleged by the plaintiffs that are proximately caused by any preexisting conditions related to the damages alleged in the complaint.

### EIGHTEENTH DEFENSE

There can be no double recovery for any alleged injury. To the extent that the plaintiffs have alleged damages that already have been compensated or remediated, or any expenses otherwise covered, the plaintiffs are barred from seeking further recovery.

### NINETEENTH DEFENSE

AVX did not engage in any intentional, unlawful, grossly negligent, wanton, reckless or negligent acts or omissions or callously disregard the rights or safety of others (or any other acts or omissions as otherwise pled by the plaintiffs) as to give rise to any claim of punitive damages or any other damages under federal or South Carolina law.

### TWENTIETH DEFENSE

An award of punitive damages would violate the United States Constitution and the South Carolina Constitution in that:

(a)     The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(b)     Any award of punitive damages serving a compensatory function is inconsistent with due-process guarantees;

(c)     Any award of punitive damages based upon the wealth of a party violates due process guarantees;

(d)     The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due-process guarantees;

(e)     Any award of punitive damages may be duplicative under circumstances of this case making it violative of due-process guarantees;

(f)     Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard fails to give prior notice of the conduct for which punitive damages may be imposed and is void for vagueness; and

(g)     Any claim for punitive damages violates the equal-protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the party.

**TWENTY-FIRST DEFENSE**

An award of punitive damages in this case against AVX would contravene the Commerce Clause of the United States Constitution in that such award would have a

chilling effect upon AVX's rights to open access to the courts in this State, in violation of the United States and South Carolina Constitutions.

### TWENTY-SECOND DEFENSE

An award of punitive damages in this case against AVX would contravene the Commerce Clause of the United States Constitution in that such award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

### TWENTY-THIRD DEFENSE

To the extent the plaintiffs acquired their property after the commencement of any activities or operations at the facility, the plaintiffs' complaint is barred by the doctrine of coming to the alleged nuisance.

### TWENTY-FOURTH DEFENSE

AVX reserves the right to move for a change of venue.

### TWENTY-FIFTH DEFENSE

AVX reserves the right to raise additional defenses and other issues as discovery proceeds, and incorporates all applicable defenses asserted by others that are not otherwise specifically set forth above.

### TWENTY-SIXTH DEFENSE AND COUNTERCLAIM

AVX, by way of counterclaim and complaining of the plaintiffs, alleges and says that:

### COUNTERCLAIM

AVX notes that this counterclaim does not seek to recover from innocent individual property owners. As to innocent individual property owners, AVX only seeks a declaration that those properties either have not been damaged as alleged by the

plaintiffs or the properties can be remediated, and that there should be no additional recovery from AVX.

## THE PARTIES

1. AVX is a corporation organized under the laws of Delaware, with its principal place of business in Horry County, South Carolina.

2. On information and belief, the plaintiff John H. Nance ("John Nance") is a citizen and resident of Horry County, South Carolina and is the owner of real property at the intersection of 17th Avenue South and Beaver Road, Myrtle Beach, South Carolina ("the John Nance Property").

3. On information and belief, the plaintiff JDS Development of Myrtle Beach, Inc. ("JDS") is a corporation organized under the laws of South Carolina, with its principal place of business in Horry County, South Carolina.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. §§ 2201, 2202.

5. This Court has personal jurisdiction over the plaintiffs because, on information and belief, the plaintiffs John Nance and JDS are residents and citizens of Horry County, South Carolina and the plaintiff John Nance owns property that is located in Horry County, South Carolina.

6. This Court has authority to issue a declaratory judgment concerning the rights and obligations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391 because the Property is located within this District and the alleged releases or

threatened releases of hazardous substances and/or materials giving rise to these claims occurred within this District.

## **OPERATIVE FACTS**

8. AVX is the owner of property located at 801 17th Avenue South, Myrtle Beach, Horry County, South Carolina, 29578 ( "the AVX Property").

9. On information and belief, the plaintiff John Nance is the owner of the Property in Horry County, South Carolina and the plaintiff JDS is a development company owned by John Nance and others allegedly created for the purpose of developing the John Nance Property. The plaintiffs Nance and JDS allege that the John Nance Property is contaminated with TCE.

10. By way of a complaint filed on January 16, 2008 in the Court of Common Pleas, Fifteenth Judicial Circuit, Horry County, and subsequently removed to this Court, the plaintiffs have alleged that AVX damaged the John Nance Property through AVX's alleged use of TCE and that, as a result, the plaintiffs have incurred alleged damages.

11. AVX denies responsibility for any damages at the John Nance Property as alleged by the plaintiffs. Therefore, AVX seeks a declaratory judgment from this Court proclaiming that AVX is not responsible for any alleged damages on the John Nance Property.

## **CLAIM FOR RELIEF**
**(Declaratory Relief with Respect to the Plaintiffs' Alleged Property Damage and Remediation Claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202)**

12. AVX realleges and incorporates herein by reference the allegations in paragraphs 1 through 11 inclusive, as though fully set forth herein.

13.     AVX is informed and believes based on the plaintiffs' complaint that the plaintiffs will seek their alleged costs and damages pursuant to various theories, including without limitation theories arising under State law.  AVX denies that the plaintiffs are entitled to any recovery under any theory.  Therefore, an actual legal controversy within the meaning of 28 U.S.C. § 2201 has arisen and currently exists between AVX and the plaintiffs concerning the plaintiffs' alleged damages allegedly suffered as a result of alleged contamination on the John Nance Property, including alleged diminution in value and alleged remediation costs.

14.     AVX accordingly seeks a judicial declaration that the John Nance Property has not been damaged as alleged by the plaintiffs, that the John Nance Property can be remediated, and that the plaintiffs are not entitled to any recovery from AVX.

15.     To the extent the plaintiffs rely on theories arising under State law, AVX's request for declaratory judgment is proper under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

WHEREFORE, the defendant respectfully prays that the Court:

1.     Dismiss the plaintiffs' complaint with prejudice;

2.     Declare that the John Nance Property has not been damaged as alleged by the plaintiffs; that the John Nance Property can be remediated; and that the plaintiffs are entitled to no recovery from AVX under any theory;

3.     Tax attorneys' fees, interest and the costs of this matter against the plaintiffs to the extent permitted by law if it is determined that the plaintiffs contributed in any way to the alleged contamination; and

4.    Award such other and further relief in favor of AVX as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AVX requests a jury trial on those issues triable by a jury.

Respectfully submitted this 19th day of February, 2008.

                                                                           s/KEVIN A. DUNLAP
                                                                           Kevin A. Dunlap
                                                                           Federal Bar #5564

OF COUNSEL:
PARKER POE ADAMS & BERNSTEIN LLP
100 Dunbar Street, Ste. 206
Spartanburg, South Carolina  29306
(864) 591-2030
kevindunlap@parkerpoe.com

                                                                           Steven D. Weber
                                                                           Federal Bar #8042
                                                                           Attorneys for the Plaintiff
                                                                           AVX Corporation

OF COUNSEL:

PARKER POE ADAMS & BERNSTEIN LLP
Three Wachovia Center
401 South Tryon St., Ste. 3000
Charlotte, North Carolina
(704) 372-9000
steveweber@parkerpoe.com