IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John H. Nance and JDS Development of Myrtle Beach, Inc. ) ) ) | C.A. No. 4:08-515-TLW-TER | |
| Plaintiffs, ) ) | | |
| vs. ) ) | **ORDER** | |
| AVX Corporation, ) ) | | |
| Defendant. ) ) | | |

    This case was originally filed in the South Carolina Court of Common Pleas, Horry County, on January 16, 2008. The case was removed to this Court on February 13, 2008. (Doc. # 1). On September 26, 2008, the plaintiffs filed a motion to remand the action to state court. (Doc. #23). On March 25, 2009, United States Magistrate Judge Thomas E. Rogers, III, to whom this case was previously assigned, issued an Order granting the plaintiffs' motion to remand this action to state court. (Doc. #54). On April 3, 2009, the defendant filed a motion to reconsider, alter, or amend the Magistrate Judge's Order. (Doc. #57). Intervenor United States of America filed a response to defendant's motion to reconsider on April 16, 2009. (Doc. # 59). In addition to the motion to reconsider, defendant also filed on April 3, 2009, an appeal of the Magistrate Judge's decision to this Court. (Doc. # 56). Both the plaintiff and intervenor United States filed a response in opposition to the Appeal on April 14, 2009, and April 16, 2009, respectively. (Doc. # 58 & # 60). On April 24, 2009 defendant filed a motion for leave to reply to the responses in opposition to the Appeal of the Magistrate Judge's decision, with the proposed reply (to the response by the Nance plaintiffs) attached. (Doc. # 61). An amended motion with an additional reply (to the response by the United

States of America) was filed on May 1, 2009. (Doc. # 64).[1] On May 27, 2009, the Magistrate Judge denied the motion to reconsider, but amended his Order to clarify that the Court could not resolve additional pending motions due to the lack of federal jurisdiction. (Doc. # 66). The defendant has also filed an appeal of this Order. (Doc. # 69). Intervenor United States of America has filed a response to defendant's appeal.

This matter is now before the Court on defendant's appeal of the Magistrate Judge's Order of Remand, as well as defendant's appeal of the Magistrate Judge's Order granting in part and denying in part the Motion for Reconsideration of the Order of Remand. (See Docs. # 54, # 56, # 66 & # 69). The basis for the remand is that there is no basis for federal subject matter jurisdiction and that accordingly, removal of the case was inappropriate. Defendants disagree.

> Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to dismiss or quash an indictment or information made by the defendant or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

Additionally, Rule 72(a) of the Federal Rules of Civil Procedure states that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the

---

[1] The Court notes that it has fully reviewed and considered the defendant's objections, including the arguments raised in the reply briefs attached to the defendant's motions for leave to file a reply.

2

case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The magistrate judge in this case has issued an Order of Remand, and defendants have availed themselves of the opportunity for District Court review as provided for in the above cited legal authority. The Court has fully considered the objections in accordance with the provisions of Federal Rule of Civil Procedure 72(a). In reviewing objections to a nondispositve order of a Magistrate Judge, under Rule 72(a), this Court will "modify or set aside any part of the order that is clearly erroneous or contrary to law." After a review of the pleadings, including the Magistrate Judge's Orders and all filings of the parties, this Court is sufficiently persuaded that there is no basis for federal subject matter jurisdiction in this matter. The Court finds both Orders of the Magistrate Judge to be well-reasoned. Accordingly, the Court does not find any portion of either the April 3, 2009, or May 27, 2009, Order to be clearly erroneous or contrary to law.

Therefore, this Court affirms the magistrate's decision to **REMAND** the above captioned case to the Court of Common Pleas, Horry County, South Carolina.

    **IT IS SO ORDERED.**

                                                 <u>s/ Terry L. Wooten</u>
                                                   Terry L. Wooten
                                        United States District Court Judge

July 22, 2009
Florence, South Carolina